UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:21-cr-0008 |
| ) | Judge Trauger |
| THOMAS WEIR, ) | |
| WILLIAM DONALDSON, and ) | |
| PAMELA SPIVEY ) | |

**DEFENDANTS' JOINT MOTION IN LIMINE NO. 17:
EXCLUDE PHOTOS OF "CARLOS THE MONKEY"**

Defendants Thomas Weir, William Donaldson and Pamela Spivey, through their respective counsel, hereby move this Honorable Court to prohibit the government from introducing into evidence its proposed Exhibit Nos. 675, 698, 701 and 711, all of which are photographs of "Carlos the Monkey," apparently on a visit to Xpress Pharmacy. In support of this motion, undersigned counsel submit the following:

**Background**

This is a case concerning an alleged conspiracy to dispense controlled substances from two pharmacies without there being a medical necessity for the medications and outside professional standards. The Indictment also alleges a conspiracy to commit health care fraud and, as to defendants Weir, Donaldson and Charles Oakley, a "kickback" scheme involving Medicare and Medicaid and a "form of currency for use at Dale Hollow Pharmacy called 'Monkey Bucks'" (D/E 3, Indictment pg. 18). Carlos is a monkey certified as a emotional support animal whose services were utilized by Mr. Donaldson and a now-deceased individual, Barbara

1

Pennington.[1]

The defendants submit that images of Carlos are irrelevant to the charges in this case and should be excluded under Rule 402 of the Federal Rules of Evidence. If even remotely relevant, the photographs are inadmissible under Rule 403, as they are unfairly prejudicial and/or would be misleading to the jury.

## Analysis

Rule 401 of the Federal Rules of Evidence provides the "Test for Relevant Evidence," as follows:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action.

FRE 401.

The government bears the burden of proving the exhibits are relevant. *United States v. Sutton*, 636 F. Supp. 3d 179, 189 (D.D.C. 2022) ("The proponent of admitting an item of evidence has the initial burden of establishing relevance") *citing Dowling v. United States*, 493 U.S. 342, 351 n.3, 110 S. Ct. 668, 107 L. Ed. 2d 708 (1990); *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020). If the exhibits fail the relevancy test, they are inadmissible. FRE 402.

---

[1] Carlos' identification card, issued in 2015, is attached hereto as Exhibit 1. The true spelling of the monkey's name, as reflected on his ID card, is "Carlose." At the time the photos were taken, Mr. Donaldson and Ms. Pennington shared custody of Carlose. At the time Carlose was certified as an Emotional Support Animal, Barbara Pennington's last name was Myers, as reflected on the ID card. To avoid confusion, the defendants have adopted the government's spelling of the monkey's name for the purposes of this motion.

2

The government's proposed photographs of a Carlos, a monkey, situated in Xpress Pharmacy – a pharmacy not alleged to use "Monkey Bucks" – cannot conceivably make any fact of consequence to the Indictment "more or less probable." To the extent that the government imagines that Carlos's presence in Xpress Pharmacy, particularly in his role as a certified emotional support animal, tends to make the use of "Monkey Bucks" at a Dale Hollow Pharmacy more probable, the defendants submit that such an inference stretches Rule 401 beyond recognition. The government's proposed Exhibits 675, 698, 701 and 711 therefore fail the test for relevance and should be excluded from evidence.

If the Court determines that the photographs of Carlos have even marginal relevance, however, it should find that they are nevertheless inadmissible under Rule 403 of the Federal Rules of Evidence.

Rule 403 provides as follows:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FRE 403.

"Unfair prejudice" has no clear contours. Perhaps the starkest exemplar arises in the context of child pornography possession cases in which the government seeks to introduce evidence of a defendant's unrelated sex abuse offenses. In *United States v. Stout*, 509 F.3d 796 (6th Cir. 2007), involving charges of possession, on a computer, of images of child pornography, the court excluded under Rule 403 the defendant's history of secretly filming a 14-year-old girl in the shower, ruling that

>because "[t]he reverberating clang of those accusatory words would drown out all weaker sounds [and] the risk of confusion is so great as to upset the balance of advantage, the evidence goes out." *Shepard v. United States*, 290 U.S. 96, 104, 54 S. Ct. 22, 78 L. Ed. 196 (1933) (Justice Cardozo writing on common law evidentiary doctrine prior to the adoption of the Federal Rules of Evidence).

*Id*. at 801.

The Sixth Circuit went on to quote the district court opinion which noted circumstances analogous to those presented here[2]:

> "The prior bad acts evidence is potentially prejudicial because it is both inflammatory and distracting. It is more lurid and frankly more interesting than the evidence surrounding the actual charges....
>
> The potential for distraction and unfair prejudice is greater than normal because the actual evidence of possession is so limited. The impression of Stout -- surreptitiously filming a 14-year-old girl in her shower -- will predominate this trial, not the stored still-life computer images that actually occasioned the current charges. . . . There is a high probability that the jury would improperly consider the prior bad acts evidence as propensity evidence, and an equally high probability of conviction because of the improper use of that evidence."

*Id*., quoting Dist. Ct. Op. at 8.

Absent any evidence that Carlos, an emotional support monkey, somehow facilitated any unlawful conduct inside Xpress Pharmacy, the probative value of his photographs is unimaginable. If anything, his photographs suggest that pharmacist-in-charge and alleged co-conspirator Michael Griffith exercised poor judgment about allowing animals inside the pharmacy, albeit not in the pharmaceuticals area, which the jury may translate into his questionable judgment on other operations in the pharmacy, including filling prescriptions for

---

[2] While the photographs of Carlos have no "lurid" quality, the defense expects the government to accentuate this evidence to taint or ridicule the operations at Xpress Pharmacy with which is "frankly more interesting than the evidence surrounding the actual charges" concerning Xpress.

4

medically unnecessary controlled substances. Such minuscule probative value, therefore, is substantially outweighed by unfair prejudice because it would "tend to suggest a decision on an improper basis," which requires exclusion. *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988). Indeed, the "improper basis" at issue here is essentially propensity evidence, barred under Rule 404(b)(2). *See Winer*, 2023 U.S. Dist. Ct. LEXIS 118647 at *13.

The photographs of Carlos in Xpress Pharmacy would unfairly prejudice the defendants and mislead the jury. For Ms. Spivey, who is not charged with any kickback scheme and is not alleged to have had any involvement with "Monkey Bucks," photographs of Carlos inside Xpress pharmacy could inspire an improper inference of propensity to commit health care fraud because "Monkey Bucks" are alleged to have been used in Dale Hollow Pharmacy as part of a Medicare/Medicaid healthcare fraud kickback scheme. The photographs would encourage the jury to impermissibly pile inference upon inference in deciding a verdict for Ms. Spivey. For Mr. Weir and Mr. Donaldson, an owner and an employee of Dale Hollow Pharmacy, respectively, in the absence of any so-called "Monkey Buck" being offered into evidence, photographs of a monkey would unfairly prejudice them by serving as a proxy for the alleged mock currency.[3]

For all of the defendants, the exhibit would also confuse the issues and mislead the jury by conjuring a link between the two pharmacies that does not exist. Although the pharmacies share the same majority owner – Mr. Weir – they operated as separate entities, with separate pharmacists-in-charge, separate employees, and separate methods of operations. Admitting into evidence the photographs of Carlos situated inside Xpress Pharmacy (including a photograph of

---

[3] Defense counsel have electronically and manually searched the discovery materials and manually searched the trial exhibits provided by the government and have found no so-called "Monkey Bucks."

5

him being held by Ms. Pennington) would blur the distinctions between the two pharmacies and urge a blurring of other evidence discrete to each pharmacy and each defendant.

## Conclusion

Government Exhibits 675, 698, 701 and 711 are irrelevant to the charges in the Indictment. If they have any probative value at all, that value is outweighed by the risk of unfair prejudice to each of the defendants and the risk of misleading the jury. The Court should exclude the photographs of Carlos, an emotional support monkey.

Respectfully submitted,

*s/Kathleen G. Morris*
Kathleen G. Morris
Attorney at Law
P.O. Box 128091
Nashville, TN 37212
615-440-6223

Vakessha Baker Hood
Attorney at Law
236 Public Square, Suite 103
Franklin, TN 37064
615.791.1819
Attorneys for Pamela Spivey

6

*s/Peter J. Strianse, with permission*
Peter J. Strianse
Tune, Entrekin & White, P.C.
Capitol View
500 11th Avenue North, Suite 600
Nashville, TN 37203
615-244-2770

James Dale White, Jr.
101 Green Street
P. O. Box 333
Celina, TN 38551
931-243-3535
Attorneys for Thomas Weir


*s/ Ronald C. Small, with permission*
Ronald C. Small
First Assistant Federal Public Defender
Henry Martin
Federal Public Defender
810 Broadway, Suite 200
Nashville, TN  37203
(615) 736-5047
Henry_Martin@fd.org
Ron_Small@fd.org

*s/ Micah N. Bradley, with permission*
Eric G. Osborne
Christopher S. Sabis
Micah N. Bradley
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, Tennessee 37201
Tel. (615) 742-4200 | Fax. (615) 742-4539
eosborne@srvhlaw.com
csabis@srvhlaw.com
mbradley@srvhlaw.com
Attorneys for William L. Donaldson

7

## Certificate of Service

I hereby certify that I submitted this document to the Court's electronic filing system which generated an email notification of such filing to Assistant U.S. Attorneys Sarah Bogni and Nani Gilkerson, 719 Church Street, Suite 3300, Nashville, TN 37203, and to counsel of record for each of the co-defendants, on this 22nd day of January 2024.

*s/Kathleen G. Morris*
Kathleen G. Morris