UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-00008 |
| ) | Judge Aleta A. Trauger |
| THOMAS K. WEIR, *et al.* ) | |

**MEMORANDUM & ORDER**

Defendants Thomas Weir, William Donaldson and Pamela Spivey have filed a Joint Motion in Limine No. 4 (Doc. No. 252), to which the Government has filed a Response (Doc. No. 304). The defendants ask the court "to prohibit the government from introducing into evidence its proposed Exhibit Nos. 222-275, 346-347, 352, 381-384, and 399-403 which collectively consist of copies of various state or federal statutes and regulations." (Doc. No. 252 at 1.)

The Government responds that "[t]his evidence constitutes direct evidence tending to prove that the defendants were aware of the laws, rules, and regulations of Medicare and TennCare, and of the Controlled Substances Act and various rules and regulations governing pharmacy dispensing, and the consequences for failing to follow those laws, rules, and regulations." (Doc. No. 304 at 2.) The Government, however, indicates that it has not yet decided how it will proceed with regard to the proposed exhibits:

> While the United States has marked these items as exhibits, the United States may only mark them for identification during the direct examination of its experts who may offer testimony about the laws, rules and regulations. Or, the United States may seek to admit into evidence only a portion of the marked laws, rules, and regulations through witnesses who provided copies of these materials to the pharmacies. As a result, the admission of such evidence is a decision that should be reserved for if and when such evidence is presented at trial.

(*Id.*)

It is the exclusive "province of the court to determine the applicable law and to instruct the jury as to that law." *United States v. Ahmed*, 472 F.3d 427, 434 (6th Cir. 2006) (quoting *Torres v.*

1

*Cnty. of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)). Law, moreover, typically is not evidence. Accordingly, it would usually be inappropriate to allow copies of relevant laws to be provided or shown to the jury as evidence. This case, however, involves allegations of health care fraud involving government programs that are, by their very nature, creatures of law—as well as the boundaries of acceptable medical practice, which is a heavily regulated profession. The defendants' understandings of what prescribers and pharmacists were permitted to do under the relevant government healthcare programs and/or licensure standards is likely to be a central issue in the case, which will call on the jury to consider, among other things, whether particular prescriptions were "issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a). The content of publicly available standards governing medical practice—including laws themselves—is plainly relevant to that inquiry. *See United States v. NHML, Inc.*, Nos. 98-3882, 98-3883, 98-3884, 2000 WL 420683, at *8 (6th Cir. Apr. 12, 2000) ("[T]he district judge committed no reversible error by admitting the state regulations for the limited purposes of showing intent or motive of Appellants and showing billing policies of Medicaid.").

At the same time, however, the mere fact that a piece of evidence consists of a depiction of the law does not relieve the party introducing that evidence from establishing its relevance and admissibility. A bare citation to the law may be all that is needed to persuade the court to apply that law, but, if the Government wants to use copies of laws *as evidence*, it must make certain foundational showings. First, the Government must establish that the copy of the law that it wishes to introduce actually depicts the version applicable at the relevant date. Second, the Government must establish if, and how, that law was available to each relevant defendant at the times of the relevant offenses—whether through an agency website, materials handed out to program participants, or through some other mechanism. Third, any copy of the law presented as evidence must be presented in a way that is not improperly confusing due to the omission of relevant

2

provisions, definitions, or standards. If those requirements are met, the Government may present documentary representations of legal standards as evidence relevant to the defendants' mental states. Whether the Government has complied with the requirements in any particular instance, however, will have to be determined at trial.

There is, however, one aspect of the defendants' objections that the court can sustain now. The defendants object to the fact that some of the exhibits include not just relevant legal standards, but also provisions setting forth the penalties for violations of those standards. (*See, e.g.*, Doc. No. 252 at 5 (objecting to inclusion of provision establishing that a particular action is a "Class A misdemeanor offense which is punishable by a fine")). The relevance of those penalties, if any, is weak, and their capacity to confuse and/or prejudice the jury is both obvious and significant. The court, accordingly, will not permit the Government to present any information regarding penalties for violations of laws.

The defendants' Joint Motion in Limine No. 4 (Doc. No. 252) is therefore **GRANTED** as to any depiction of penalties associated with violations of the law and is otherwise **DENIED,** without prejudice to the defendants' raising any objections at trial based on the Government's failure to lay sufficient foundation that the exhibits being offered depict information accessible or presented to the defendants, at the relevant times, through an identifiable mechanism or that the excerpts offered by the Government are, on an individual basis, being presented in a confusing manner.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge