UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-00008 |
| ) | Judge Aleta A. Trauger |
| THOMAS K. WEIR, *et al.* ) | |

## MEMORANDUM & ORDER

Defendants Thomas Weir, William Donaldson, and Pamela Spivey have filed a Joint Motion in Limine Number 19 to Limit Expert Testimony and For Additional Disclosures (Doc. No. 308), to which the Government has filed a Response (Doc. No. 342). The defendants ask the court to (1) bar the Government's expert, Dr. Carl Gainor, from testifying as to any "general conclusions about the pharmacies or any pharmacist's general practices" and (2) "require additional disclosures to clarify and substantiate the anticipated testimony" by Dr. Gainor, particularly regarding which records he specifically reviewed to form the basis of his conclusions.

The Government formally opposes the defendants' requests, but it is not clear to the court that the Government disputes the defendants' assertion that testimony along the lines that the defendants described would be improper. Rather, the Government simply states that it does not intend to ask Dr. Gainor "to draw conclusions from [the Government's] small sample about the pharmacies' general dispensing practices." (Doc. No. 342.) Rather, the Government says, "Dr. Gainor will testify about practice standards for retail pharmacists, including the rules and regulations governing the practice of pharmacy in Tennessee and signs of possible abuse and diversion ("red flags"), and provide his expert opinion in connection with his review of specific pharmacy patient records." (Doc. No. 342 at 1–2.) The general thrust of the defendants' objection, then, appears to be undisputed. The court, moreover, is not persuaded that it can simply deny the

defendants' motion as untimely pursuant to the court's deadline for *Daubert* motions, because these objections involve the details of testimony, not the qualifications of the expert or the reliability of the expert's methodology.

There may still be some disputes regarding Dr. Gainor's testimony that will need to be resolved at trial. For example, the Government states that Dr. Gainor "may . . . opine on hypotheticals related to evidence in this case." (Doc. No. 342 at 3.) The court cannot assess the propriety of any such hypothetical without hearing it, so the court will neither bar such questions, nor deem them permissible, in advance. The Government also states that it "may ask Dr. Gainor to review additional materials prior to and during trial to ensure that his opinions remain accurate and complete." (*Id.* n.5) While the court has concerns about the Government's potentially expanding the scope of its expected expert testimony at this late date, the court cannot know, without more detail, that any particular step would be improper, and the court will reserve judgment regarding any specific future objection.

The Government's continued insistence on its right to change the scope of Dr Gainor's review, however, lends credence to the defendants' already valid concerns about Dr. Gainor's apparent caginess regarding what he reviewed in support of his opinions. The Government protests that "[t]he records [that] defendants seek to compel the United States to produce have already been identified and provided," but the defendants are not asking for more records. They are asking for complete information regarding *which* records formed the basis of Dr. Gainor's opinion. The Government has not identified any basis for withholding that information or hiding behind an unnecessarily broad description of what Dr. Gainor reviewed.

The defendants' Motion in Limine Number 19 to Limit Expert Testimony and For Additional Disclosures (Doc. No. 308) is therefore **GRANTED**. It is hereby **ORDERED** that (1)

2

Case 2:21-cr-00008   Document 366   Filed 03/07/24   Page 2 of 3 PageID #: 2191

Dr. Gainor shall not testify to any conclusion regarding the pharmacies' general dispensing practices and (2) the Government shall, by March 11, 2024, provide the defendants with an itemized list of the records on which Dr. Gainor expects to rely in support of his opinions at trial. The court's ruling should not be construed to prevent Dr. Gainor from testifying as to the standards applicable to retail pharmacies generally, even if such testimony, in context, could be inferred by the jury to criticize some aspect of the defendants' practices, as demonstrated by other evidence.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge