# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-00008 |
| ) | Judge Aleta A. Trauger |
| THOMAS K. WEIR, *et al.* ) | |

## MEMORANDUM & ORDER

In the Government's Omnibus Motion in Limine to Exclude Evidence (Doc. No. 291), the Government, among other things, asks the court to "preclude any defendant from arguing, offering evidence, or eliciting [testimony] on direct or cross-examination" intended to advance so-called "blame the victim defenses." (Doc. No. 291 at 9.) The Government states that "[t]his includes, but is not limited to, defenses insinuating that because Medicare or TennCare paid the submitted claims, the defendants could [not have] defrauded Medicare or TennCare or could not have known the claims were fraudulent." (*Id.*) The defendants respond that the Government's "sweeping" request is both premature and contrary to the law. (Doc. No. 309 at 6.)

The defendants are charged with conspiracy to violate 18 U.S.C. § 1347, which makes it unlawful to "knowingly and willfully execute[], or attempt[] to execute, a scheme or artifice—(1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347. As the Government points out, it is not a defense to fraud that the fraud was successful. Accordingly, insofar as any defendant might argue that the fact that a claim was paid actually establishes that the claim was non-

fraudulent, such an argument would be improper. *See United States v. Judd*, 672 F. Supp. 3d 389, 394 (E.D. Mich. 2023).

The court's ruling, however, should not be read any more broadly than the Government's specific request calls for. It is true that the payment of a claim does not prove that claim's non-fraudulent nature. There are, however, potentially valid grounds for a healthcare fraud defendant to introduce evidence that the relevant healthcare program paid a claim or a past similar claim, particularly if accompanied by evidence that the healthcare program was aware of the alleged deficiencies at issue. "Healthcare fraud" is not simply a catch-all term for doing something improper in connection with a government healthcare program. Healthcare fraud requires fraud, and the Supreme Court has recognized that, under well-settled principles dating back to the common law, a party can only be defrauded if the relevant misrepresentation was actually material to the underlying economic transaction. *See Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 579 U.S. 176, 193 (2016). The materiality of some misrepresentations—such as claiming to have provided a service that was not provided—is self-evident. However, healthcare payment rules can be complex and opaque, such that it is often unclear whether a particular piece of information was actually material to a healthcare program's payment decisions. Evidence that the relevant healthcare program knowingly paid claims that included the same type of misrepresentation alleged to be fraudulent is, therefore, probative of both materiality and intent. *See id.* at 194–95. Accordingly, while the Government is correct that the hypothetical defense it has posited would be improper, the court will not use that narrowly improper line of thinking as a rationale for excluding potentially valid defenses that simply happen to be adjacent to it.

It is, therefore, **ORDERED** that the defendants shall not argue or insinuate that, because Medicare or TennCare paid the submitted claims, the defendants could not have defrauded

Medicare or TennCare or could not have known the claims were fraudulent. This restriction, however, should not be construed to prevent the defendants from presenting evidence or argument regarding their dealings with TennCare or Medicare, including dealings involving the submission and payment of claims, as evidence that is relevant to the issues of materiality and/or culpable mental state. The Government's request to bar other hypothetical "blame the victim defenses" is denied, without prejudice, on the ground that the defenses themselves have not been sufficiently described to be evaluated at this time.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge