UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-00008 |
| ) | Judge Aleta A. Trauger |
| THOMAS K. WEIR, *et al.* ) | |

**MEMORANDUM & ORDER**

Defendants Thomas Weir, William Donaldson, and Pamela Spivey have filed a Joint Motion in Limine Number 23 to Exclude Government's Proposed Exhibits 426, 429, 430, 431 & 433-436 (Doc. No. 329) and a Joint Motion in Limine Number 24 to Exclude Government's Proposed Exhibits 545, 546 & 547 (Doc. No. 330), to which the Government has filed a combined Response (Doc. No. 345). Each motion asks the court to bar the admission of documents or data involving pharmacy patients who were not named in the Indictment. Specifically, the first motion focuses on evidence involving seven particular exemplary patients who were not named in the Indictment, whereas the second motion focuses on aggregate data of many such patients. The defendants argue that that evidence (1) is inadmissible because its capacity for undue prejudice outweighs any probative value; (2) would, if admitted, amount to a constructive amendment of, or improper variance from, the Indictment; and/or (3) is inadmissible propensity evidence under Rule 404(b). The Government opposes each argument.

**1. Relevance/Undue Prejudice.** The court has already addressed the general admissibility of evidence related to "uncharged" patients, under Rules 402 and 403 of the Federal Rules of Evidence, in its Memorandum & Order addressing the defendants' Joint Motions in Limine Nos. 15 and 16 (Doc. No. 365), but the court will revisit that analysis briefly to apply it to these facts.

A retail pharmacy that serves the general public is, almost by definition, a high-volume business. Certainly, these particular pharmacies were high-volume businesses, engaged in thousands of individual transactions on an ongoing basis. As such, it would be artificial to the point of absurdity to treat each transaction in which a pharmacy was involved as a wholly independent event, assessable only by looking directly at that transaction itself. It is true that, every time a drug was dispensed, it was a separate act capable of being considered as a discrete legal event, which the Government does not dispute. As a factual matter, though, when a retail pharmacy dispenses a drug, it does so pursuant to internal structures and procedures that were not invented for, and therefore need not be considered only in relation to, that transaction alone.

A broad snapshot of the pharmacy's dispensing patterns as a whole and/or a targeted consideration of certain key examples may provide the most illuminating evidence of the pharmacy's general practices. Those general practices are, in turn, directly relevant to understanding what happened in any individual instance. There is, therefore, nothing unusual about saying that, if one wants to understand whether something went wrong in hypothetical Transaction A, one may want to look, as well, at Transactions B through Z to get a better picture of the relevant entity's general practices. Moreover, the fact that this case is not solely about individual transactions, in and of themselves, but about alleged criminal conspiracies that took place over several years, further heightens the importance of the general policies and practices at issue. The value of admitting evidence pursuant to that rationale is not, in this instance, outweighed by the risk of undue prejudice.

**2. Constructive Amendment/Variance.** "A constructive amendment results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that

the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005) (quoting *United States v. Smith*, 320 F.3d 647, 656 (6th Cir. 2003)). Such an amendment is *per se* prejudicial. *United States v. Budd*, 496 F.3d 517, 521 (6th Cir. 2007) (citing *United States v. Prince*, 214 F.3d 740, 757 (6th Cir. 2000)). Courts, however, have also recognized a lesser category of departure from the text of an indictment—referred to as a "variance"—that is not *per se* prejudicial but that may, in context, rise to the level of reversible error. *See id.* Generally speaking, a variance occurs when "the evidence at trial proves facts materially different from those alleged in the indictment." *Prince*, 214 F.3d at 756–57 (quoting *Martin v. Kassulke*, 970 F.2d 1539, 1542 (6th Cir. 1992)). Although the line between these closely related concepts is fuzzy, the Government argues that the court need not focus too significantly on that boundary, because neither a variance nor a constructive amendment would occur based on the admission of the challenged evidence. (Doc. No. 345 at 17.)

"The presentation of evidence not explicitly mentioned in the indictment does not necessarily constitute a constructive amendment or material variance." *United States v. Bradley*, 917 F.3d 493, 502 (6th Cir. 2019). By extension, "neither a constructive amendment nor a variance" necessarily "occur[s] when proof offered at trial [goes] beyond conduct alleged in the indictment." *Id.* (citing *United States v. Rashid*, 274 F.3d 407, 413 (6th Cir. 2001); *United States v. Hynes*, 467 F.3d 951, 965 (6th Cir. 2006)). Rather, constructive amendment or variance occurs when evidentiary materials presented at trial and/or instructions provided to the jury actually modify or differ from the offenses alleged in the indictment. The introduction of evidence of "uncharged" transactions, as evidence tending to support the very conspiracies alleged in the indictment, does not amount to any modification or departure from what was charged. It is, rather,

3

simply corroboration of the allegations already presented. The court, accordingly, will not bar such evidence on these grounds.

**3. Rule 404(b).** Rule 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." That rule better captures the nature of the defendants' concerns than Rule 403, because Rule 404(b) acknowledges that it may be appropriate to exclude some evidence that would, outside of the context of a formal proceeding, be arguably highly probative, in order to avoid the risk of allowing a litigant to turn a case about specific alleged bad acts into an improper referendum on whether defendant is *the kind of person who would do such a thing*. To a layperson, acting outside of litigation, evidence of a person's prior bad acts may seem like fair evidence that the person more likely did the same thing again, but Rule 404(b) makes clear that such arguments are not appropriate in criminal trials.

The Sixth Circuit has recognized, however, that Rule 404(b) does not prevent the admission of evidence of "acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (collecting cases). As the court has already discussed, the question of whether the defendants actually engaged in any of the charged conspiracies is inextricably intertwined not only with the propriety of specific instances of dispensing drugs, but also the broader question of the pharmacies' practices and policies that guided their actions on a day-to-day basis. Evidence offered to establish those practices is not presented to show that the defendants had the character of people likely to conspire to commit the relevant offenses. It is direct evidence of the conspiracies charged—that is, evidence of the very same "continuing pattern of illegal activity" at issue. *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995); *cf. United*

*States v. Campbell*, 845 F.2d 1374, 1380 (6th Cir. 1988) (permitting evidence of "substantially similar and approximately concurrent" acts in a healthcare fraud case as probative of intent). The question of whether this evidence should be excluded is, therefore, ultimately a question for Rule 403, not Rule 404(b), and, as the court has held, Rule 403 does not require a different result.

For the foregoing reasons, the defendants' Joint Motion in Limine Number 23 to Exclude Government's Proposed Exhibits 426, 429, 430, 431 & 433-436 (Doc. No. 329) and a Joint Motion in Limine Number 24 to Exclude Government's Proposed Exhibits 545, 546 & 547 (Doc. No. 330) are hereby **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER  
United States District Judge