# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-00008 |
| ) | Judge Aleta A. Trauger |
| THOMAS K. WEIR, *et al.* ) | |

## MEMORANDUM & ORDER

At the pretrial conference held on March 12, 2024, the court ruled on the admissibility of several statements under *Bruton v. United States*, 391 U.S. 123 (1968), as refined by *Richardson v. Marsh*, 481 U.S. 200 (1987). The court based several decisions not to exclude particular codefendant statements on the ground that the evidence was not incriminating on its face. On further review, several of the admitted statements, though not incriminating with regard to the controlled substance-related conspiracy alleged in this case, would be facially incriminating with regard to Count 7 of the Indictment, which alleges conspiracy to violate the Anti-Kickback Statute ("AKS"). The court, therefore, is revising aspects of its ruling.

The AKS makes it unlawful to knowingly and willfully solicit, receive, offer, or pay "any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind . . . in return for referring an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program." 42 U.S.C.A. § 1320a-7b(b)(1)(2). The Indictment alleges that Weir and Donaldson took overt acts in furtherance of an Anti-Kickback Statute conspiracy when Weir "offered and paid kickbacks and bribes to [3] WILLIAM L. DONALDSON to induce [3] WILLIAM L. DONALDSON to refer and arrange for the referral of patients to Dale Hollow." (Doc. No. 3 at 15.)

As such, any statements showing an intentional relationship of paid recruitment and referral of individual patients between Donaldson and Weir is incriminating on its face with regard to Count 7.[1] Therefore, it is **ORDERED** that any out-of-court statement by a codefendant stating that Donaldson was compensated for patient referrals is excluded from evidence, including, but not limited to, the following statements discussed in the Government's Motion in Limine (Doc. No. 293) and the Response (Doc. No. 311):[2]

- Weir's May 12, 2016 statement that Donaldson was employed at Dale Hollow as a "greeter" because his reputation was valued in the community.
- Weir's June 22, 2016 statement that Donaldson is "a powerful person and is not easy to fire because he controls a lot of this type of business."
- Donaldson's April 3, 2019 statement that all of his customers were very loyal to him and Weir knew he could get the patients to return if Donaldson told them to.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge

---

[1] While the offense requires a connection to federal healthcare programs, the ubiquitous nature of Medicare and Medicaid means that any scheme of large-scale referrals for compensable services that does not affirmatively seek to exclude such programs will almost certainly include violations.

[2] The defendants do not object to several statements that the Government proposes to redact in specific ways (Doc. No. 311 at 4), so those redacted statements will be admitted.