UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:21-cr-00008 |
| ) | Judge Aleta A. Trauger |
| THOMAS K. WEIR, *et al.* ) | |

## **MEMORANDUM & ORDER**

Defendants Thomas Weir, William Donaldson, and Pamela Spivey have filed a Joint Motion to Continue Trial Dates and Enlarge All Trial Related Deadlines (Doc. No. 377), to which the Government has filed a Response (Doc. No. 379). The purpose of the requested continuance would be to allow the court to consider the pending Joint Motion to Dismiss Superseding Indictment for Lack of Subject Matter Jurisdiction (Doc. No. 380) with the benefit of the Supreme Court's anticipated opinions in *Relentless, Inc. v. Department of Commerce*, Case No. 22-1219 and *Loper Bright Enterprises v. Raimondo*, Case No. 22-451, which are expected to bear on the nature and extent of a federal agency's authority in interpreting ambiguous statutes.

The defendants have been charged with, among other things, a conspiracy to violate 21 U.S.C. § 841, which forbids the distribution of controlled substances unless "authorized" to do so. The Government has relied, in its Indictment, on regulations, particularly 21 C.F.R. § 1306.04, that effectively expand on that standard and that, the defendants have argued, exceeded the Attorney General's authority under the relevant statutes.

As the Government points out, whether *Relentless* or *Loper* will be resolved in a way that would jeopardize the Government's theory of the case is a matter of speculation. What is not speculative, however, is the need for the court to address the pending Motion to Dismiss Indictment, which raises issues of agency authority that those cases may plausibly implicate. Also

non-speculative is the court's duty, at trial, to instruct the jury on the governing law, which will require the court to decide whether to instruct the jury based purely on the relevant statutory terms or whether to rely, as well, on the relevant regulations. There is, therefore, no way to avoid these issues. The court's only choices are to address them now, without the soon-to-be-issued guidance of the Supreme Court, or to wait.

Requests for continuances on the eve of trial are highly disfavored. The primary reasons they are disfavored, however, involve issues of fairness and judicial economy, and it does not appear to the court that either fairness or judicial economy would be served by addressing these matters prematurely, having a trial, and then having to clean up the matter after the fact, if the Supreme Court does revise its caselaw in a manner that would undermine the foundations on which that prosecution rested. The defendants' Motion to Continue Trial Dates and Enlarge All Trial Related Deadlines (Doc. No. 377) is, therefore, **GRANTED**, conditioned upon the timely filing of waivers of speedy trial by all defendants, and the trial is **CONTINUED**. The court will make every effort to reschedule the trial in this case as expeditiously as possible, following the issuance of the relevant opinions and any supplemental briefing necessitated by the holdings in those cases.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge